IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CALVIN SMITH, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 23-CV-1456 |
| | : | |
| DET. RYAN MCCARTNEY, *et al.*, | : | |
|     Defendants. | : | |

<u>MEMORANDUM</u>

**SCHMEHL, J.** /s/ JLS                                                                                                         **JULY 21, 2023**

       Plaintiff Calvin Smith, a pretrial detainee currently incarcerated at the Curran-Fromhold Correctional Facility, filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983, asserting violations of his constitutional rights.[1] The claims arise from two series of events, separated by

---

[1] In his Complaint, Smith identifies the Plaintiffs as "Mr. Calvin Smith, my son Calvin Little and Family." (Complaint, ECF No. 2, at 2). Only Smith signed the Complaint. (*Id.* at 10.) Under 28 U.S.C. § 1654, parties "may plead and conduct their own cases personally or by counsel" in the federal courts. Section 1654 thus ensures that a person may conduct his or her own case *pro se* or retain counsel to do so. *See Osei-Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 882 (3d Cir. 1991) ("The statutory right to proceed *pro se* reflects a respect for the choice of an individual citizen to plead his or her own cause." (quoting *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990) )). Although an individual may represent himself *pro se*, a non-attorney may not represent other parties in federal court. *See Collinsgru v. Palmyra Bd. of Educ.*, 161 F.3d 225, 232 (3d Cir. 1998) ("The rule that a non-lawyer may not represent another person in court is a venerable common law rule."), *abrogated on other grounds by Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516 (2007). This principle has been applied by the Supreme Court, the United States Court of Appeals for the Third Circuit, and other courts in various contexts. *See, e.g., Rowland v. Cal. Men's Colony*, 506 U.S. 194, 202 (1993) (recognizing that corporations must be represented by counsel and that "save in a few aberrant cases, the lower courts have uniformly held that 28 U.S.C. § 1654 . . . does not allow corporations, partnerships or associations to appear in federal court otherwise through a licensed attorney" (footnote omitted) ); *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 667 (9th Cir. 2008) (holding that a non-lawyer could not litigate pro se on behalf of an ERISA plan); *Osei-Afriyie*, 937 F.2d at 882 ("We hold that Osei-Afriyie, a non-lawyer appearing *pro se*, was not entitled to play the role of attorney for his children in federal court."); *Phillips v. Tobin*, 548 F.2d 408, 411-12 (2d Cir. 1976) (holding that a non-attorney could not appear *pro se* to conduct a shareholder's derivative suit).

nearly ten years, that involve the imposition of criminal charges against Smith. Currently before the Court are Smith's Complaint (ECF No. 2 ("Compl.")), his Motion for Leave to Proceed *In Forma Pauperis* and Prisoner Trust Fund Account Statement (ECF Nos. 6, 7), and three Motions for Relief (ECF Nos. 10, 11, 12.)[2] Smith names the following as Defendants: "Detective Ryan

---

Additionally, if the son or other family members Smith identifies are minors, Smith lacks standing to bring claims on their behalf. "[A] plaintiff must assert his or her own legal interests rather than those of a third party" to have standing to bring a claim. *See Twp. of Lyndhurst, N.J. v. Priceline.com, Inc.*, 657 F.3d 148, 154 (3d Cir. 2011) (quotations omitted)). Courts have found specifically that parents lack standing to bring claims for their minor children. *See Chang v. Dep't of Servs. for Child., Youth, & their Fams., Div. of Fam. Servs.*, 790 F. App'x 435, 437-38 (3d Cir. 2019) (*per curiam*) (father lacked standing to address children's claims on appeal); *Jackson v. Bolandi*, No. 18-17484, 2020 WL 255974, at *5 (D.N.J. Jan. 17, 2020) ("Here, *pro se* Plaintiff does not have standing to assert any claims on behalf of her daughter."). Accordingly, all claims asserted on behalf of anyone other than Smith will be dismissed without prejudice to those individuals pursuing any claims they may have.

[2] Since filing his Complaint, Smith has filed three "Motion[s] for Relief" that, upon review, appear to seek to amend the Complaint. (*See* ECF Nos. 10, 11, 12.) In general, an amended complaint, once submitted to the Court, serves as the governing pleading in the case because an amended complaint supersedes the prior pleading. *See Shahid v. Borough of Darby*, 666 F. App'x 221, 223 n.2 (3d Cir. 2016) (*per curiam*) ("Shahid's amended complaint, however, superseded his initial complaint." (citing *W. Run Student Hous. Assocs. LLC v. Huntingdon Nat'l Bank*, 712 F.3d 165, 171 (3d Cir. 2013)); *see also Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019)*, cert. denied*, 140 S. Ct. 1611 (2020) ("In general, an amended pleading supersedes the original pleading and renders the original pleading a nullity. Thus, the most recently filed amended complaint becomes the operative pleading.") (internal citations omitted); *see also Argentina v. Gillette*, 778 F. App'x 173, 175 n.3 (3d Cir. 2019) (holding that "liberal construction of a *pro se* amended complaint does not mean accumulating allegations from superseded pleadings").

Moreover, the Federal Rules of Civil Procedure do not contemplate piecemeal pleadings or the amalgamation of pleadings, even in the context of a *pro se* litigant. *See Bryant v. Raddad*, No. 21-1116, 2021 WL 2577061, at *2 (E.D. Pa. June 22, 2021) ("Allowing a plaintiff to file partial amendments or fragmented supplements to the operative pleading, 'presents an undue risk of piecemeal litigation that precludes orderly resolution of cognizable claims.'" (quoting *Uribe v. Taylor*, No. 10-2615, 2011 WL 1670233, at *1 (E.D. Cal. May 2, 2011)); *Brooks-Ngwenya v. Bart Peterson's the Mind Tr.*, No. 16-193, 2017 WL 65310, at *1 (N.D. Ind. Jan. 6, 2017) ("Piecemeal pleadings cause confusion and unnecessarily complicate interpretation of a movant's allegations and intent[] . . . .").

Smith's first Request for Relief seeks to add a claim for recovery of funds allegedly taken from Smith following his conviction in a 2013 state court criminal matter. (ECF No. 10.) Smith's second Request for Relief seeks recovery of money damages based on the preparation of an arrest warrant in a 2013 state court criminal matter without Smith being interviewed. (ECF No. 11.) Smith's third Request for Relief seeks to add claims for defamation and unlawful

McCartney's Supervisor," Detective Ryan McCartney, Judge D. Anhalt, Public Defenders Mont Anderson and C. Wilson, the Criminal Justice Center's Victim Compensation Fund, former District Attorney Seth Williams and the Philadelphia District Attorney's Office, LCJ Fight, Khia Nayer, City Councilwomen Cindy Bass and Jamie Gauthier, KYW News Radio, The Daily News, Will Bunch, Pamela Smith (identified as Smith's sister), the American Civil Liberties Union ("ACLU"), CLS, Hub of Hope, and an unnamed church. (Compl. at 2.)

For the following reasons, the Court will grant Smith leave to proceed *in forma pauperis*, grant his three Motions for Relief, and dismiss his Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and Federal Rule of Civil Procedure 8. He will be granted leave to file an Amended Complaint.

### I.   FACTUAL ALLEGATIONS[3]

Smith's filings are confusing. He appears to assert two distinct sets of claims. The first, set forth in the Complaint and his three Motions for Relief, appear related to a 2013 attempted rape charge lodged against Smith.[4]

---

imprisonment, based on conduct that Smith alleges occurred on October 21, 2014 during a hearing or trial. (ECF No. 12.) Under applicable law, the third Request, if construed as an amended complaint, would stand alone as the operative pleading, and any claims asserted in the original Complaint and the earlier Requests for Relief would be abandoned. It is unlikely that Smith understood that this would be the consequence of serially requesting leave to amend his Complaint. In the interests of judicial economy, the Court will grant Smith's motions, construe the proposed amendments as supplements to the original Complaint, and screen the filings together.

[3] The allegations set forth in this Memorandum are taken from Smith's Complaint and supplements thereto. (ECF Nos. 2, 10, 11, 12.) The Court adopts the pagination supplied by the CM/ECF docketing system. Additionally, the Court includes facts reflected in the publicly available state court docket, of which this Court may take judicial notice. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

[4] Smith alleges that he was convicted of rape and provides a criminal docket number CP-51-CR-6801-2013 (C.P. Philadelphia). (Compl. at 1, 4.) Despite diligent efforts, the Court has been unable to access a state court criminal docket with that number or any criminal docket reflecting attempted rape charges filed against Smith.

Smith alleges that he was arrested on May 1, 2013 for attempted rape and immediately taken to "SVU" (which the Court understands to refer to the Special Victims Unit). (Compl. at 4.) There, he allegedly waited for 2 ½ to 3 ½ hours while an unnamed man and woman looked at him as they sat before a computer talking, but never spoke to him. (*Id.*) Smith also alleges that while incarcerated, he sent all of the discovery from his attempted rape case to an unidentified person or location. He also alleges that materials related to an untrademarked clothing line he developed were disposed of by Pamela Smith. (*Id.*) Smith also alleges that upon his release, Defendant Nayer denied having any of his official business materials. (*Id.*)

Smith alleges that upon his conviction in the attempted rape case, more than $900.00 was taken from him. He alleges he was told that the cash was applied to his older cases. He seeks recovery of that cash, together with interest that accrued while he was incarcerated. (ECF No. 10.)

Smith alleges that he was never interviewed before the arrest warrant in the attempted rape case was prepared. (ECF No. 11.) He alleges that Defendant McCartney and his supervisor viewed video footage of Smith, who alleges he was shown as bleeding in the video, pleading with an unnamed woman to allow him to leave an abandoned building and not follow him. It is not clear whether the footage described was related to the attempted rape charge. Smith requests $75,000 to allow him to retain representation. (*Id.*)

Smith alleges that on October 20, 2014, Judge D. Anhalt convinced Smith to agree to a waiver trial. (ECF No. 12.) He alleges that the trial commenced on October 21, 2014, and only one of the two arresting officers appeared. (*Id.*) Additionally, the Complainant allegedly did not appear. (*Id.*) Smith alleges that he was convicted of aggravated assault although the Commonwealth's witness in that case inflicted two wounds to Smith's right hand. (*Id.*) He also

alleges that his mental health was drawn into question. (*Id.*) He asserts that he was subjected to unlawful imprisonment and that he was defamed. (*Id.*)

The second set of claims appear related to 2021 aggravated assault charges currently pending against Smith.[5] Smith alleges that he was arrested in or around 2021 while he was sleeping outside on the steps of an entity called the Sanctuary's at 1300 Erie Street in Philadelphia and charged with aggravated assault of a police officer and simple assault of an EMT worker. (Compl. at 3.) Smith alleges that M. Dimatio (who is not named as a Defendant), Smith's court appointed attorney in the 2021 assault case, attended one of two competency evaluation ordered by the presiding Judge. (*Id.*) Smith alleges that Dimatio said nothing and as a result, on March 8, 2023, he was incarcerated pending a further evaluation. (*Id.*)

The nature of Smith's claims is unclear, and his Complaint does not identify any form of relief, although he does request an award of money damages in one of his supplements.

## II.     STANDARD OF REVIEW

The Court will grant Smith leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[6] Accordingly, his Complaint is subject to screening pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and must be dismissed if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the

---

[5] The publicly available dockets in *Commonwealth v. Smith*, CP-51-CR-6969-2021 (C.P. Philadelphia) and *Commonwealth v. Smith*, CP-51-CR-6970-2021 (C.P. Philadelphia) reflect that a waiver trial on charges of aggravated assault and simple assault will take place on August 9, 2023.

[6] Because he is a prisoner, the PLRA requires Smith to pay the full amount of the filing fee in installments regardless of the outcome of this case.

Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Smith is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

Moreover, a complaint may be dismissed for failing to comply with Federal Rule of Civil Procedure 8. *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019). To conform to Rule 8, a pleading must contain a short and plain statement showing that the plaintiff is entitled to relief. *See Travaline v. U.S. Supreme Court*, 424 F. App'x 78, 79 (3d Cir. 2011). The Third Circuit recently explained that in determining whether a pleading meets Rule 8's "plain" statement requirement, the Court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by these defendants' in regard to the plaintiff's claims." *Garrett*, 938 F.3d at 93 (citation omitted). A pleading may still satisfy the "plain" statement requirement "even if it is vague, repetitious, or contains extraneous information" and "even if it does not include every name, date, and location of the incidents at issue." *Id.* at 93-94. The important consideration for the Court is whether, "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94.

However, "a pleading that is so 'vague or ambiguous' that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8." *Id.* at 93; *see also Fabian v. St. Mary's*

6

*Med. Ctr.*, No. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) ("Federal Rule of Civil Procedure 8 requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue.") (quotations omitted). Dismissals under Rule 8 are "'reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" *Garrett*, 938 F.3d at 94 (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)). Because Smith's claims are unclear and the facts are underdeveloped, the Complaint fails to provide fair notice of the grounds upon which Smith's claims against the named Defendants rest, as required by Rule 8. *See Afzal v. N.J. Bd. of Med. Examiners*, No. 22-1609, 2022 WL 4533826, at *3 (3d Cir. Sept. 28, 2022) (affirming dismissal of complaint pursuant to Rule 8 because plaintiff failed to plead adequate factual content to support a reasonable inference that defendants were liable and failed to present cognizable legal claims to which defendants could respond on the merits).

### III. DISCUSSION

Smith's allegations do not adequately describe the relevant who, what, where, when, and how that form the basis for his claims. As a result, the Court cannot discern what Smith alleges happened to him and the nature of any legal claims he may have. In general, when presented with a *pro se* complaint, the Court must "apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name." *Holley v. Dep' t of Veteran Affairs*, 165 F.3d 244, 248 (3d Cir. 1999). However, in this case the Court cannot determine the factual basis of the claims Smith seeks to bring with sufficient clarity to apply the relevant law. The Complaint does not "provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue." *Fabian*, 2017 WL 3494219, at *3. Recently, in *Wright v. United States*, the United State Court of Appeals for the

Third Circuit affirmed the District Court's dismissal with prejudice of a *pro se* amended complaint where the amended complaint failed to assert adequate factual allegations to put the named defendants on notice of the claims against them. *Id.*, No. 22-1164 (3d Cir, July 14, 2023) (*per curiam*). The Court of Appeals stated, "[a]s the District Court noted, the second amended complaint lacked factual allegations with respect to many named defendants. [ ] The balance of defendants has been left to guess the specific factual nature and the legal basis of [the plaintiff's] claims against them, such that they are unable to properly answer or prepare for trial." *Id.*, slip op. at 6 (citing *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)).

Smith's case suffers from the same problem. There are no allegations at all as to most of the named Defendants, leaving them to guess at the nature and basis of the claims asserted against them. Accordingly, the Complaint as supplemented will be dismissed for failure to state a plausible claim and because it does not comply with Federal Rule of Civil Procedure 8. Because the Court cannot state with certainty that Smith can never state a plausible claim, he will be permitted to amend his Complaint to "flesh out [his] allegations by . . . explaining in the amended complaint the 'who, what, where, when and why' of [his] claim." *See Davis v. Internal Revenue Serv.*, No. 21-4728, 2022 WL 407639, at *3 (E.D. Pa. Feb. 9, 2022) (citing *Gambrell v. S. Brunswick Bd. of Educ.*, No. 18-16359, 2019 WL 5212964, at *4 (D.N.J. Oct. 16, 2019)).

## IV. CONCLUSION

For the reasons stated, the Court will grant Smith's motion for leave to proceed *in forma pauperis*, grant his three Motions for Relief, and dismiss his Complaint without prejudice for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and Federal Rule of Civil Procedure 8.

Smith will be granted leave to amend his Complaint. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002). An appropriate Order follows.[7]

**BY THE COURT:**

**/s/ Jeffrey L. Schmehl**
**JEFFREY L. SCHMEHL, J.**

---

[7] Additionally, the Court will deny without prejudice Smith's Motion to Remove and Replace Counsel (ECF No. 3.) The Motion has a Philadelphia Court of Common Pleas Criminal Trial Division caption and appears to relate to the criminal charges pending against Smith in that Court.